UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-

LEONARD MCCLOUD,

          Defendant.
-------------------------------------------------------X

**ORDER**
07-CR-516 (SJF)

FEUERSTEIN, J.

On July 1, 2008, defendant Leonard McCloud ("McCloud") entered a plea of guilty to Count One of the Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). [Docket Entry Nos. 134, 229]. McCloud was held responsible for between 1.25 and 1.50 kilograms of cocaine base. [Docket Entry No. 494] (citing Presentence Investigation Report ("PSR") at ¶ 3). On March 8, 2010, the Court sentenced McCloud to a term of one hundred fifty (150) months' imprisonment followed by a term of five (5) years' supervised release. [Docket Entry No. 397].

Before the Court is McCloud's motion for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") in light of amendments to the United States Sentencing Guidelines (the "Guidelines"). [Docket Entry No. 493]. For the reasons that follow, McCloud is not eligible for a sentence modification, and the motion is denied.

I.     Discussion

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582). "Section

1

3582(c)(2) establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." Id.

In evaluating a request for a sentence reduction pursuant to section 3582(c)(2), the Court must perform a two-step inquiry:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [Guidelines] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'
>
> * * *
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable [18 U.S.C.] § 3553(a) ("section 3553(a)") factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Id. at 2691-92.

At the time of McCloud's sentencing, the Guidelines provided for a base offense level of thirty-four (34), and McCloud received a three-level reduction for acceptance of responsibility. Given McCloud's classification in Criminal History Category VI, the advisory sentence range was one hundred eighty-eight (188) to two hundred thirty-five (235) months. McCloud was sentenced to one hundred fifty (150) months' incarceration.

Although the Guidelines amendments reduced base offense levels applicable to crack cocaine offenses, the base offense level applicable to McCloud remains the same as that applied at the time of sentencing. Section 2D1.1(c)(3) of the Guidelines provides for a base offense level of thirty-four (34) with respect to a quantity of "[a]t least 840 G but less than 2.8 KG of Cocaine Base." As McCloud was

2

held responsible for between 1.25 and 1.50 kilograms of cocaine base, his base offense level remains thirty-four (34). Therefore, after the reduction for acceptance of responsibility and taking into account McCloud's criminal history category, the advisory sentence range remains one hundred eighty-eight (188) months to two hundred thirty-five (235) months. Because the amendments to the Guidelines did not change McCloud's advisory sentence, he is not eligible for a reduction in his sentence pursuant to section 3582(c)(2).

Moreover, even if McCloud was eligible to be resentenced under the amendments to the Guidelines, the application would be denied. Upon consideration of all of the section 3553(a) factors, McCloud's criminal history, and the circumstances of this offense, the Court believes that the original sentence of one hundred fifty (150) months' imprisonment and five (5) years' supervised release is appropriate in this case.

III. Conclusion

For the foregoing reasons, defendants' motion for a sentencing modification is denied.

**SO ORDERED.**

s/ Sandra J. Feuerstein

SANDRA J. FEUERSTEIN
United States District Judge

Dated: January 4, 2013
Central Islip, New York